ORIGINAL

FILED
U.S. DISTRICT COURT
2008 DEC -9 AM 8:37
CLERK L. Fletcher
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| LOUIS RAMOS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 307-082 |
| | ) | |
| WALT WELLS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner was an inmate at McRae Correctional Facility in McRae, Georgia, when he commenced the above-captioned case pursuant to 28 U.S.C. § 2241. Petitioner contested the lodging of a detainer against him by the United States Department of Homeland Security. (See generally doc. no. 1). The application for habeas corpus relief consisted of Petitioner's allegation that he was not an alien, and thus he claimed he should not subject to the detainer lodged against him. (Id.). Subsequent to the filing of this action, Petitioner was released from the custody of the Bureau of Prison ("BOP") and was placed in removal proceedings by the Department of Homeland Security. (Doc. no. 14, p. 2). Petitioner has since received his final order of removal from an Immigration Judge. (Id. at Ex. A).

Because Petitioner was placed in removal proceedings and was released from the BOP's custody, the instant habeas action is moot. A petitioner's release subsequent to filing a habeas action renders the petition moot because the petition no longer presents a case or controversy, as required under Article III, § 2, of the Constitution, unless there is a showing

of "collateral consequences." See Spencer v. Kemna, 523 U.S. 1, 7-8 (1998) (requiring showing of collateral consequences of parole revocation to maintain suit for wrongful termination of parole status after "reincarceration that [the petitioner] incurred as a result of that action" was "over and [could not] be undone"). In cases challenging the actual underlying conviction, collateral consequences are presumed for the obvious reason that it is a "fact of life that most criminal convictions do in fact entail adverse collateral legal consequences." Id. at 12. The same cannot be said of actions which do not challenge the conviction, such as challenges directed at parole revocation or, as in the instant case, the execution of the sentence imposed. Id. Thus, to continue with a habeas action after release, a petitioner must show the existence of a collateral consequence that amounts to a continuing injury-in-fact. Id. at 14.

As Petitioner presents no injury which exists subsequent to his release or which can be remedied in a § 2241 proceeding,[1] the Court **REPORTS** and **RECOMMENDS** that this petition for habeas relief be **DISMISSED** as **MOOT**.

SO REPORTED and RECOMMENDED this 9th day of December, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[1]Of note, a person may renew his or her citizenship claim in a petition for review in the applicable court of appeals from a final order of removal. 8 U.S.C. § 1552(b)(5).